# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7436 | **DATE** | 12/19/2011 |
| **CASE TITLE** | Gladys Fountain vs. Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

The Court warned Plaintiff that failure to file the below-referenced motion and memorandum by December 15, 2011, or failure to pay the filing fee by December 15, 2011 would result in the dismissal of the instant action. The deadline has passed, and Plaintiff has neither filed the above-referenced motion and memorandum or paid the filing fee. Therefore, the instant action is dismissed. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

**STATEMENT**

On November 8, 2011, the court denied Plaintiff Gladys Fountain's (Fountain) motion for leave to proceed *in forma pauperis*. In denying the motion, the court observed that Fountain had indicated on her *in forma pauperis* application form that she has not been employed since 2007 and that neither she nor anyone living in her household have received more than $200 income from any source in the past twelve months. (IFP Par. 2, 4). The court also observed that Fountain had also indicated that neither she nor anyone living in her household have any assets. (IFP Par. 5-9). The court concluded that Fountain had not shown how she acquires the necessities of life under such circumstances, and the court therefore denied Fountain's motion for leave to proceed *in forma pauperis*. However, rather than dismissing the instant action, the court gave Fountain an opportunity to provide sufficiently detailed information concerning her financial status.

The court admonished Fountain to file a new *in forma pauperis* application together with a memorandum in the form of an affidavit indicating all income that Fountain or anyone residing in her household receives, the sources of such income, all valuable assets owned by Fountain or members of her household, and all expenses for Fountain and members of her household, including supporting documents. The court gave Fountain until December 15, 2011 to file the above-referenced motion and the memorandum.

**STATEMENT**

The court also indicated that if Fountain was unable to provide such information, the court would give Fountain until December 15, 2011 to pay the filing fee. The court warned Fountain that failure to file the above-referenced motion and memorandum by December 15, 2011, or failure to pay the filing fee by December 15, 2011 would result in the dismissal of the instant action. The deadline has passed, and Fountain has neither filed the above-referenced motion and memorandum or paid the filing fee. Therefore, the instant action is dismissed.